# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SERVSTOR TECHNOLOGIES LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ASUSTEK COMPUTER INC., § <br> § <br> Defendant. § <br> § | Case No. 2:25-cv-00 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ServStor Technologies LLC ("ServStor" or "Plaintiff") for its Complaint against Defendant ASUSTek Computer Inc. ("ASUS" or "Defendant") for patent infringement alleges as follows:

## THE PARTIES

1. ServStor is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Suite 190, Marshall, Texas 75670.

2. Upon information and belief, ASUS is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No. 15, Li-Te Road, Beitou District, Taipei City 112, Taiwan. Upon information and belief, ASUS does business in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5.     In addition, or in the alternative, this Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

7.     Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

8.     On October 13, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,602,773 (the "'773 Patent") entitled "Transferring Data to a Target Device". A true and correct copy of the '773 Patent is available at: https://patentimages.storage.googleapis.com/bf/a8/c2/fd0f41a4b7a690/US7602773.pdf.

9.     On March 30, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,688,814 (the "'814 Patent") entitled "Methods of Conveying Information Using Fixed Sized Packets". A true and correct copy of the '814 Patent is available at: https://patentimages.storage.googleapis.com/48/89/15/9514d2f5f05d39/US7688814.pdf.

10. ServStor is the sole and exclusive owner of all right, title, and interest in the '773 Patent and the '814 Patent (collectively, the "Patents-in-Suit" or "Asserted Patents") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. ServStor also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

11. The Patents-in-Suit generally cover systems and methods for routing data over a network.

12. The '773 Patent and the '814 Patent discloses methods and apparatuses for data transfer and communication, including packets, to disaggregated elements. The technology in the '773 Patent and the '814 Patent was developed by Charles Frank, Thomas Ludwig, Thomas Hanan, and William Babbitt. For example, this technology is implemented in microchips, servers, routers, ethernet switches, systems-on-a-chip ("SoCs"), Power over Ethernet ("PoE") switches, and ASICs, among other products. Exemplary infringing ASUS products include, but are not limited to, ASUS Wi-Fi Routers and Mesh Systems, such as the ASUS ROG Rapture GT-AC2900, ASUS RT-AX82U AX5400, ASUS BE96U Wi-Fi 7 Router, ASUS ZenWiFi BT6 Mesh System, ASUS ZenWiFi AX Hybrid Mesh System; ASUS Network Switches, such as the ASUS ExpertWiFi EBP15 Smart-Managed PoE+ Switch, GX-U1051, QG-U1050, QG-U1080, and XG-U2008; ASUS Wi-Fi Adaptors, such as the ASUS USB-AX55 Nano AX1800 Adapter and ASUS USB-AC53 Nano AC1200 Adapter; ASUS Enterprise Routers, such as the ASUS ExpertWiFi EBR63 AX3000 Business Router and ASUS ExpertWiFi EBM68 AX7800; ASUS Motherboards with an integrated Network Interface Controller ("NIC") and/or Wi-Fi, such as the

ASUS PRIME B550M-A WiFi II and ASUS TUF GAMING B650-PLUS WiFi. (collectively, the "Accused Products").

13. ASUS has infringed and is continuing to infringe the Patents-in-Suit by making, using, offering to sell, selling, and/or importing network switches, routers, and software which implement the technology disclosed in the above patents-in-suit.[1]

## COUNT I
### (Infringement of the '773 Patent)

14. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '773 Patent.

16. Defendant has and continues to directly infringe the '773 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '773 Patent. Such products include but are not limited to microchips, servers, routers, ethernet switches, SoCs, PoE switches, ASICs, and accompanying software that transmit packets over a network, such as the ASUS ExpertWiFi EBP15.

17. For example, Defendant has and continues to directly infringe at least claim 11 of the '773 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include microchips, servers, routers, ethernet switches, SoCs, PoE switches, ASICs,

---

[1] ASUS had knowledge of the Patents-in-Suit at least as of the filing of suits against their direct competitors alleging infringement of Patents-in-Suit. *See ServStor Technologies LLC v. Broadcom Corporation*, Case No. 2:24-cv-00761 (E.D. Tex.); *ServStor Technologies LLC v. ZTE Corporation*, Case No. 2:24-cv-00205 (E.D. Tex.); *ServStor Technologies LLC v. QNAP Systems, Inc.*, Case No. 2:25-cv-00649 (E.D. Tex.). At the very least, ASUS remained willfully blind to its infringement of the Patents-in-Suit.

and accompanying software that transmit packets over a network, such as the ASUS ExpertWiFi EBP15. The ASUS ExpertWiFi EBP15 is exemplary and representative of the Accused Products.

18. For example, the ASUS ExpertWiFi EBP15 comprises a network interface configured to communicatively couple the apparatus to a network. The ASUS ExpertWiFi EBP15 comprises storage having a storage location. The ASUS ExpertWiFi EBP15 a controller coupled to the network interface and the storage and configured to receive, from a first device via the network interface, a first packet including a command, a first address that corresponds to the storage location of the apparatus, and a second address that corresponds to a storage location of a second device. The ASUS ExpertWiFi EBP15 comprises a controller coupled to the network interface and the storage and configured to transmit, to the second device via the network interface, a second packet to effect a transfer of data between the storage location of the apparatus and the storage location of the second device based at least in part on the command.

19. For example, the ASUS ExpertWiFi EBP15 allows for the transmission of packets over a network, as demonstrated below:

| Port Attributes | Five 10/100/1000Mbps RJ45 Ports<br>AUTO Negotiation/AUTO MDI/MDIX |
|---|---|
| Performance | MAC Address : Up to 8 K<br>Buffer Memory : 4 Mbits<br>Switching Capacity : 10Gbps<br>Packet Forwarding Rate : 7.44Mpps<br>Jumbo Frame : 15KB |

[2]

---

[2] https://www.asus.com/us/networking-iot-servers/business-network-solutions/asus-expertwifi/asus-expertwifi-ebp15/techspec/.

- Switch capacity: 10Gbps; Forwarding rate: 7.4Mpps

 **Port LEDs (Left) (Port 1-5)**

**LINK/ACT LED:**

**Off**: The port is disconnected or the link fails.

**Green On**: Has physical connection to 1000M network.

**Amber On**: Has physical connection to 10M/100M network.

**Blinking**: Transmitting or receiving data.

| | |
|---|---|
| Port Mirroring is enabled | This item is set to **Disable** by default. When enabled, the port can copy packets sent and received by other ports. |

| | |
|---|---|
| Ingress Speed | Configure the maximum traffic limit for received data.<br>• Disable: Unlimited<br>• Maximum limit: 80000 |
| Egress Speed | Configure the maximum traffic limit for the data to be sent.<br>• Disable: Unlimited<br>• Maximum limit: 80000 |

| | |
|---|---|
| Duplex | Configuration options: [Full Duplex] [Half Duplex] |

| QoS Policy | **SP** (strict priority): The strict priority queue is enabled by default.<br>**WRR** (Weighted Round Robin): When selected, each queue gets a certain amount of service time.<br>**WFQ** (Weighted Fair Queue): When selected, a certain amount of packets will be taken out from each queue and sent according to the bandwidth weighting. The priority of the packet will be included in the scheduling. |
|---|---|

[3]

20. Defendant has and continues to indirectly infringe one or more claims of the '773 Patent by knowingly and intentionally inducing others, including ASUS customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include the infringing technology.

21. Defendant, with knowledge that these products, or the use thereof, infringe the '773 Patent at least as of September 30, 2022[4], knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '773 Patent by providing these products to end-users for use in an infringing manner. Additionally, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '773 Patent at least as early as the issuance of the '773 Patent.

---

[3] *See, e.g.,* ASUS ExpertWiFi EBP15 User Guide, at pgs. 6, 8, 20, 23-24, 30, available at: https://www.asus.com/us/networking-iot-servers/business-network-solutions/asus-expertwifi/asus-expertwifi-ebp15/helpdesk_manual?model2Name=ASUS-ExpertWiFi-EBP15.

[4] On September 30, 2022, a ServStor representative sent ASUS correspondence, identifying the '773 Patent, among numerous other patents.

22.     Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '773 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.[5]

23.     Plaintiffs have suffered damages as a result of Defendant's direct and indirect infringement of the '773 Patent in an amount to be proven at trial.

24.     Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '773 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '814 Patent)

25.     Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

26.     ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '814 Patent.

27.     Defendant has and continues to directly infringe the '814 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each

---

[5] *See, e.g.,* ASUS ExpertWiFi EBP15 User Guide, available at: https://www.asus.com/us/networking-iot-servers/business-network-solutions/asus-expertwifi/asus-expertwifi-ebp15/helpdesk_manual?model2Name=ASUS-ExpertWiFi-EBP15.

and every limitation of one or more claims of the '814 Patent. Such products include but are not limited to in microchips, servers, routers, ethernet switches, SoCs, PoE switches, ASICs, and accompanying software that transmit packets over a network, such as the ASUS ExpertWiFi EBP15.

28. For example, Defendant has and continues to directly infringe at least claim 11 of the '814 Patent by making, using, offering to sell, selling, and/or importing into the United States products that microchips, servers, routers, ethernet switches, SoCs, PoE switches, ASICs, and accompanying software that transmit packets over a network, such as the ASUS ExpertWiFi EBP15. The ASUS ExpertWiFi EBP15 is exemplary and representative of the Accused Products.

29. For example, the ASUS ExpertWiFi EBP15 comprises a controller configured to generate a first packet having a data portion that is at least approximately equal in size to a native block size of a target device, which is smaller than a native block size of the apparatus, the first packet further having a first segment of a split identifier, the controller further configured to encapsulate the first packet into a data portion of a second packet, the second packet having a control portion with a second segment of the split identifier. The ASUS ExpertWiFi EBP15 comprises a network interface coupled to the controller, and configured to transmit the packet to the target device across a network.

30. For example, the ASUS ExpertWiFi EBP15 allows for the transmission of packets over a network, as demonstrated below:

| Port Attributes | Five 10/100/1000Mbps RJ45 Ports AUTO Negotiation/AUTO MDI/MDIX |

| Performance | MAC Address : Up to 8 K<br>Buffer Memory : 4 Mbits<br>Switching Capacity : 10Gbps<br>Packet Forwarding Rate : 7.44Mpps<br>Jumbo Frame : 15KB |
|---|---|

[6]

- Switch capacity: 10Gbps; Forwarding rate: 7.4Mpps

**3** **Port LEDs (Left) (Port 1-5)**

**LINK/ACT LED:**

**Off**: The port is disconnected or the link fails.

**Green On**: Has physical connection to 1000M network.

**Amber On**: Has physical connection to 10M/100M network.

**Blinking**: Transmitting or receiving data.

| Port Mirroring is enabled | This item is set to **Disable** by default.<br>When enabled, the port can copy packets sent and received by other ports. |
|---|---|

| Ingress Speed | Configure the maximum traffic limit for received data.<br>• Disable: Unlimited<br>• Maximum limit: 80000 |
|---|---|
| Egress Speed | Configure the maximum traffic limit for the data to be sent.<br>• Disable: Unlimited<br>• Maximum limit: 80000 |

---

[6] https://www.asus.com/us/networking-iot-servers/business-network-solutions/asus-expertwifi/asus-expertwifi-ebp15/techspec/.

| Duplex | Configuration options: [Full Duplex] [Half Duplex] |
|---|---|
| QoS Policy | **SP** (strict priority): The strict priority queue is enabled by default.<br>**WRR** (Weighted Round Robin): When selected, each queue gets a certain amount of service time.<br>**WFQ** (Weighted Fair Queue): When selected, a certain amount of packets will be taken out from each queue and sent according to the bandwidth weighting. The priority of the packet will be included in the scheduling. |

[7]

31. Defendant has and continues to indirectly infringe one or more claims of the '814 Patent by knowingly and intentionally inducing others, including ASUS customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include the infringing technology.

32. Defendant, with knowledge that these products, or the use thereof, infringe the '814 Patent at least as of the date of September 30, 2022[8], knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '814 Patent by providing these products to end-users for use in an infringing manner. Additionally, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those related to Defendant's specific industry, with the subjective belief that there was a high probability that Defendant would learn of its infringing activities, thereby remaining willfully blind to the '814

---

[7] *See, e.g.,* ASUS ExpertWiFi EBP15 User Guide, at pgs. 6, 8, 20, 23-24, 30, available at: https://www.asus.com/us/networking-iot-servers/business-network-solutions/asus-expertwifi/asus-expertwifi-ebp15/helpdesk_manual?model2Name=ASUS-ExpertWiFi-EBP15.

[8] As stated above (*see* ¶ 21, n. 2) on September 30, 2022, a ServStor representative sent ASUS correspondence, identifying the '814 Patent, among numerous other patents.

Patent at least as early as the issuance of the '814 Patent.

33. Defendant has and continues to induce infringement by others, including customers and end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '814 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.[9]

34. Plaintiffs have suffered damages as a result of Defendant's direct and indirect infringement of the '814 Patent in an amount to be proven at trial.

35. Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '814 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ServStor prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its

---

[9] *See, e.g.,* ASUS ExpertWiFi EBP15 User Guide, available at: https://www.asus.com/us/networking-iot-servers/business-network-solutions/asus-expertwifi/asus-expertwifi-ebp15/helpdesk_manual?model2Name=ASUS-ExpertWiFi-EBP15.

12

officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

      c.      An order awarding damages sufficient to compensate ServStor for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

      d.      Entry of judgment declaring that this case is exceptional and awarding ServStor its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

      e.      Such other and further relief as the Court deems just and proper.

Dated: August 12, 2025

Respectfully submitted,

/s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
830 Morris Turnpike
Short Hills, New Jersey 07078
Telephone: (201) 341-9445
Facsimile (973) 535-0921

***ATTORNEYS FOR PLAINTIFF***
***SERVSTOR TECHNOLOGIES LLC***

Case 2:25-cv-00784-JRG-RSP   Document 1   Filed 08/12/25   Page 14 of 14 PageID #: 14